190829pourghannadP          Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA

4              v.                              13 Cr. 507 VB

5    BEHZAD POURGHANNAD,

6                   Defendant.

7    ------------------------------x
                                          United States Courthouse
8                                         White Plains, N.Y.
                                          August 29, 2019
9                                         11:42 a.m.

10
     Before:
11
                      THE HONORABLE PAUL E. DAVISON,
12
                                              Magistrate Judge
13

14                         APPEARANCES

15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   LINDSEY KEENAN
          Assistant United States Attorney
18
     JAMES E. NEUMAN
19        Attorney for Defendant Behzad Pourghannad

20   ALSO PRESENT:  MAMAD SHIRAZI, Farsi Interpreter
                    DAVID BALINT, FBI, Special Agent
21                  CHRISTOPHER KRAICH, FBI, Special Agent

22

23

24

25

              SABRINA A. D'EMIDIO – OFFICIAL COURT REPORTER
                           (914)390-4053

190829pourghannadP         Plea

1              (In open court)

2              THE DEPUTY CLERK:  The United States v. Behzad

3     Pourghannad.

4              Would the government please stand and note your

5     appearance for the record.

6              MS. KEENAN:  Good morning, your Honor.  Lindsey

7     Keenan for the government.  I'm joined at counsel table by

8     Special Agents David Balint and Christopher Kraich from the

9     FBI.

10              THE COURT:  Good morning.

11              THE DEPUTY CLERK:  Defense counsel, please note your

12     appearance.

13              MR. NEUMAN:  Good morning, Judge.  James Neuman for

14     Behzad Pourghannad.

15              THE COURT:  All right.  Good morning, Mr. Neuman.

16              THE DEPUTY CLERK:  Would the interpreter please stand

17     and state your name for the record.

18              THE INTERPRETER:  Sure.  My name is Mamad Shirazi,

19     Farsi interpreter.

20              THE COURT:  Thank you for your assistance here this

21     morning, sir.

22              THE INTERPRETER:  Thank you.

23              THE COURT:  All right.  My understanding is --

24     Mr. Neuman, can you help me out with the pronunciation of your

25     client's name?

                    SABRINA A. D'EMIDIO – OFFICIAL COURT REPORTER
                                 (914)390-4053

190829pourghannadP          Plea

1              MR. NEUMAN:  I think it's *Porg-a-näd*.  I believe

2    that's the correct pronunciation.

3              THE COURT:  Pourghannad.

4              MR. NEUMAN:  I believe that's the correct

5    pronunciation.

6              THE COURT:  Does that sound right, sir?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Okay.  All right.  My understanding is

9    Mr. Pourghannad is prepared to enter a guilty plea to Count One

10   of the indictment in satisfaction of the indictment and

11   pursuant to a plea agreement, which is dated July 31st, 2019.

12   It is my further understanding that Judge Briccetti has

13   referred this proceeding to me, subject to the consent of the

14   parties.

15             Is that all correct, Ms. Keenan?

16             MS. KEENAN:  Yes, your Honor.

17             THE COURT:  All right.  Then we'll proceed on that

18   basis.

19             Mr. Pourghannad, could you stand.

20             Mr. Pourghannad, first of all, this is not a trial.

21   I'm told you have decided to enter a guilty plea in this case,

22   so we're here to make sure that you're aware of all of your

23   rights in connection with that plea and to make certain that

24   any waiver of those rights is knowing and voluntary.

25             In addition, the Court must make certain that there

190829pourghannadP          Plea

1    is a factual basis for your plea of guilty.  And it's important

2    for you to understand that the Court will not accept your

3    guilty plea unless the Court is satisfied that you are in fact

4    guilty.

5              Do you understand?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Mr. Pourghannad, if at any point you

8    don't hear me or understand what I say, I want you to interrupt

9    me.  I will repeat myself.  I'll try to explain what I've said.

10   I'll give you an opportunity to consult with Mr. Neuman, your

11   attorney, or to confer with the interpreter if that would be

12   helpful, but it's very important that you hear and understand

13   everything that goes on here today.

14             Will you do that?  Will you interrupt me if you don't

15   understand something?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Good.  Mr. Pourghannad, you have the

18   absolute right to be represented by a lawyer at this and every

19   stage of the proceedings against you, and you have the right to

20   consult your lawyer before you answer any questions.

21             Do you understand?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  I recommend that you take advantage of

24   that right as necessary and consult with Mr. Neuman if you feel

25   the need.  We're not in any hurry here this morning.

190829pourghannadP          Plea

1              Do you understand?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Mr. Neuman, you are appointed?

4              MR. NEUMAN:  Yes, your Honor.

5              THE COURT:  Mr. Pourghannad, if you were to become

6    dissatisfied with Mr. Neuman's services, you would be entitled

7    to apply to the Court for a new attorney to represent you.  And

8    if the Court was still satisfied that you could not afford to

9    hire a lawyer and was persuaded that there was an appropriate

10   reason to relieve Mr. Neuman, under those circumstances, a new

11   lawyer would be appointed to represent you without cost to you.

12             Do you understand?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  All right.

15             Mr. Cangelosi, would you place Mr. Pourghannad under

16   oath or affirmation.

17             THE DEPUTY CLERK:  Please raise your right hand.

18             (Defendant Behzad Pourghannad sworn)

19             THE DEFENDANT:  I do swear.

20             THE COURT:  Mr. Pourghannad, you're now under oath;

21   that means if you knowingly made a false statement during this

22   proceeding, you could be prosecuted for perjury, you could face

23   up to five years in prison and a $250,000 fine if convicted of

24   that.

25             Do you understand?

190829pourghannadP         Plea

1            THE DEFENDANT:  Yes.  Yes, your Honor.

2            THE COURT:  For the record, sir, what's your full

3    name?

4            THE DEFENDANT:  Behzad Pourghannad.

5            THE COURT:  How old are you, sir?

6            THE DEFENDANT:  66 years old.

7            THE COURT:  Do you read, write, speak and understand

8    the Farsi language?

9            THE DEFENDANT:  Yes, Farsi language; yes.

10           THE COURT:  And have you been able to understand me

11   clearly with the assistance of Mr. Shirazi, the Farsi

12   interpreter?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Good.

15           How far did you go in school, sir?

16           THE DEFENDANT:  I have a Bachelor's degree in

17   Mechanical Engineering.

18           THE COURT:  Have you ever been hospitalized or

19   treated for narcotic or alcohol addiction?

20           THE DEFENDANT:  No, your Honor.

21           THE COURT:  Within the past 24 hours, have you used

22   or taken any drugs, marijuana, alcohol, medication or pills of

23   any kind?

24           THE DEFENDANT:  No, your Honor.

25           THE COURT:  Are you clear in your head as you stand

190829pourghannadP          Plea

1    here this morning?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Very well.  Then we will proceed with

4    what is referred to as a plea allocution.

5              I want you to understand that you have the absolute

6    right to have this plea allocution conducted before a United

7    States District Judge, here Judge Vincent Briccetti to whom

8    this case has been assigned.  It is Judge Briccetti, a district

9    judge, who will impose sentence in this case.

10             I am a United States Magistrate Judge.  If you

11   consent and agree, I will conduct the plea allocution here this

12   morning, and I will then make a report to Judge Briccetti in

13   which I will recommend whether or not Judge Briccetti should

14   accept your plea of guilty.  I will make that recommendation

15   based on information that comes out during today's proceeding.

16             Do you understand?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Do you understand that you have an

19   absolute right to have this plea allocution conducted before a

20   United States District Judge?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you consent and agree that I should

23   conduct the plea allocution here today?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  All right.

190829pourghannadP        Plea

1              Mr. Cangelosi, would you have Mr. Pourghannad

2    identify his signature on the written consent form.

3              THE DEPUTY CLERK:  Mr. Pourghannad, I show you this

4    Consent to Proceed Before a United States Magistrate Judge on a

5    Felony Plea Allocution.

6              THE DEFENDANT:  Yes.

7              THE DEPUTY CLERK:  Is that your signature affixed to

8    the consent form?

9              THE DEFENDANT:  Yes.

10             THE DEPUTY CLERK:  Before signing the consent form,

11   did the interpreter read this to you?

12             THE DEFENDANT:  Yes.

13             THE DEPUTY CLERK:  And with the assistance of the

14   interpreter, did you discuss this with your attorney?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Mr. Pourghannad, did anyone threaten you

17   or coerce you or promise you anything to get you to sign this

18   consent form?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  Did you sign the form freely and

21   voluntarily?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Counsel, do either of you know of any

24   reason why this waiver and Consent to Proceed with a Plea

25   Allocution before a United States Magistrate Judge should not

190829pourghannadP          Plea

1  be accepted?

2          Ms. Keenan.

3          MS. KEENAN:  No, your Honor.

4          THE COURT:  Mr. Neuman.

5          MR. NEUMAN:  No, your Honor.

6          THE COURT:  Very well.

7          I find that Behzad Pourghannad is fully competent and

8  capable of waiving his right to appear before a United States

9  District Judge to enter his plea of guilty.  I therefore accept

10  the consent form, which has been signed and will be placed in

11  the court record as Court Exhibit 1.

12          Mr. Pourghannad, do you understand that your right to

13  be represented by a lawyer continues through every stage of the

14  proceedings, including trial and appeal, and that you have this

15  right whether or not you choose to plead guilty to this

16  offense?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Have you had an adequate opportunity to

19  consult with Mr. Neuman about your case and especially about

20  your decision to plead guilty?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Are you satisfied with the services which

23  Mr. Neuman has provided to you in this case?

24          THE DEFENDANT:  Completely.

25          THE COURT:  Have you told Mr. Neuman everything you

190829pourghannadP          Plea

1    know about the case?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  All right.

4              Before the Court is a plea letter I alluded to

5    earlier.  It's dated July 31, 2019.  It's addressed to

6    Mr. Neuman in reference to this case, and it appears to have

7    been countersigned today by Mr. Pourghannad and Mr. Neuman

8    today, meaning August 29, 2019.

9              This is the operative plea agreement, Ms. Keenan?

10             MS. KEENAN:  Yes, your Honor.

11             THE COURT:  The original plea agreement will be

12   marked as Court Exhibit 2 and will remain in the custody of

13   government counsel at the conclusion of this proceeding.

14             Mr. Cangelosi, please have Mr. Pourghannad identify

15   his signature on the last page of the plea agreement.

16             THE DEPUTY CLERK:  Mr. Pourghannad, I show you this

17   plea agreement.  Is that your signature affixed to this plea

18   agreement dated today, August 29, 2019?

19             THE DEFENDANT:  Yes.  That's true.

20             THE DEPUTY CLERK:  Before signing this plea

21   agreement, and with the assistance of the interpreter, did the

22   interpreter read this to you?

23             THE DEFENDANT:  Yes, sir.

24             THE DEPUTY CLERK:  And with the assistance of the

25   interpreter, did you discuss it with your attorney?

SABRINA A. D'EMIDIO - OFFICIAL COURT REPORTER
(914)390-4053

190829pourghannadP          Plea

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Mr. Pourghannad, was this complete

3    agreement read to you before you signed it?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Mr. Neuman, did you review each and every

6    part of this plea agreement with your client?

7           MR. NEUMAN:  I did, your Honor.

8           THE COURT:  Mr. Pourghannad, are you satisfied that

9    you understand this entire plea agreement?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you have any questions for Mr. Neuman

12   or for me about what the plea agreement says?

13          THE DEFENDANT:  No, your Honor.

14          THE COURT:  Does this plea agreement contain the

15   complete understanding between you and the government in

16   connection with this case?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand that anything which is

19   not set forth in the written plea agreement or placed on the

20   record at this time, is not going to be binding on the outcome

21   of your case?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Ms. Keenan, is there anything beyond the

24   written plea agreement the Court should be aware of?

25          MS. KEENAN:  No, your Honor.

190829pourghannadP          Plea

1          THE COURT:  Mr. Neuman, any other agreements the

2    Court should know about?

3          MR. NEUMAN:  No, your Honor.

4          THE COURT:  Mr. Pourghannad, did you sign the plea

5    agreement freely and voluntarily?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Did anyone force you or coerce you or

8    threaten you or promise you anything other than what is set

9    forth in the written plea agreement in order to get you to sign

10   the plea agreement?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  All right, then.  Mr. Pourghannad, the

13   law requires me to advise you of the maximum possible

14   penalties, the worst-case scenario to which you expose yourself

15   by pleading guilty to this count.

16         First of all, Count One of the indictment charges you

17   with conspiracy or illegal agreement to violate the

18   International Emergency Economic Powers Act by conspiring to

19   export carbon fiber from the United States to Iran, in

20   violation of applicable export regulations.

21         Do you understand that charge?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Mr. Pourghannad, if you are convicted of

24   that charge, whether it's by pleading guilty or by being

25   convicted by a jury after trial, you face a maximum term of

190829pourghannadP        Plea

1   imprisonment of 20 years; you face a maximum term of supervised

2   release of three years; you face a maximum fine of $1 million;

3   and you also face a $100 special assessment, which is

4   mandatory.

5          With regard to any term of supervised release, sir, I

6   must caution you that if you are sentenced to a term of

7   imprisonment, even if you are sentenced to the maximum term of

8   imprisonment, and if you are also sentenced to a term of

9   supervised release, and if you then violate the conditions of

10  your supervised release, under those circumstances, you could

11  be sentenced to an additional term of imprisonment for

12  violating your supervised release.  In this case, the

13  additional prison term would be up to two years.

14         In addition, if you violate the conditions of your

15  supervised release, you would not receive any credit for any

16  time you already served in prison or for time you served on

17  supervised release.

18         What that means here, Mr. Pourghannad, is if you are

19  sentenced to a term of imprisonment, even if you get the

20  maximum sentence, which is 20 years and you serve all 20, and

21  you then go out on supervised release and you violate

22  supervised release, under those circumstances, the Court could

23  send you back to prison without a jury trial, even though you

24  had already served the maximum.

25         Do you understand?

190829pourghannadP          Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Ms. Keenan, does forfeiture or

3    restitution apply to this offense?

4          MS. KEENAN:  No, your Honor.

5          THE COURT:  Thank you.

6          Mr. Pourghannad, do you understand that these are all

7    possible sentences that could be imposed following a plea of

8    guilty in this case?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Are you a United States citizen?

11          THE DEFENDANT:  No, your Honor.

12          THE COURT:  Can counsel assure me that consular

13    notification was addressed in this case?

14          MS. KEENAN:  It's been made, your Honor.

15          THE COURT:  Thank you.

16          Because you are not a United States citizen, a

17    finding that you are guilty of a felony, such as this offense,

18    may have a negative impact upon your immigration status and

19    upon any application that you may have made, or that you may

20    make in the future, for permission to enter or remain in the

21    United States or to become a United States citizen.

22          You may also be exposed to an Order of Deportation as

23    a result of this guilty plea.  And, under certain

24    circumstances, deportation may be mandatory.

25          Do you understand that?

190829pourghannadP        Plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Have you discussed these immigration

3    ramifications with Mr. Neuman?

4              MR. NEUMAN:  Yes, your Honor.

5              THE COURT:  Do you understand you are pleading guilty

6    here to a felony offense and that a felony conviction may

7    deprive you of certain valuable civil rights, which may include

8    the right to possess any type of firearm, including rifles and

9    shotguns, the right to be considered for certain types of

10   employment or to be bonded, or to serve in the United States

11   military, and the right to possess or obtain certain

12   government-issued licenses, including licenses that may be

13   required in certain professions and occupations.

14              Do you understand that?

15              THE DEFENDANT:  Yes, your Honor.

16              THE COURT:  Mr. Pourghannad, do you understand these

17   are all possible legal consequences of a guilty plea in this

18   case?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  Mr. Pourghannad, do you understand that

21   the United States Sentencing Commission has published

22   guidelines for judges to follow in determining the appropriate

23   sentence to impose in a criminal case?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  Do you also understand that the

190829pourghannadP          Plea

1   guidelines are not mandatory but must be considered by the

2   Court, along with other factors and other information, when the

3   Court determines the appropriate sentence to impose?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Have you and Mr. Neuman talked about how

6   the Sentencing Guidelines would be calculated in your case?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Now the plea agreement that we talked

9   about a couple of minutes ago includes a stipulated guideline

10  range of between 46 and 57 months of imprisonment.  The

11  agreement also indicates that, subject to your ability to pay,

12  the fine range in this case is between $20,000 and $1 million.

13             You're aware of those ranges?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Do you understand that these ranges

16  represent nothing more than an understanding between you and

17  your lawyer and government counsel, and that these ranges are

18  not binding on Judge Briccetti when he imposes sentence in this

19  case?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Do you understand that Judge Briccetti

22  will consider the guidelines but will impose a sentence in

23  accordance with the applicable statutes, which, in this case

24  means the only thing you know for sure is that the prison term

25  will not exceed 20 years?

190829pourghannadP        Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that Judge Briccetti

3    will not be able to determine the appropriate sentence to

4    impose until after a presentence report has been prepared and

5    after you and your attorney, as well as government counsel,

6    have had an opportunity to challenge the facts set forth in

7    that presentence report, as well as the calculation of the

8    guideline range and any sentence recommendation contained in

9    that report?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that if there are

12   objections to the presentence report, Judge Briccetti will rule

13   on those objections, and if necessary, Judge Briccetti will

14   conduct a hearing to determine what information is pertinent to

15   the calculation of your sentence?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Is there an appeal waiver in this

18   agreement, Ms. Keenan?

19          MS. KEENAN:  Yes, your Honor.

20          THE COURT:  Can I ask you to summarize it for the

21   record.

22          MS. KEENAN:  Sure.  The defendant agrees, pursuant to

23   the plea agreement, not to file a direct appeal, nor bring any

24   collateral challenge of any sentence within or below the

25   stipulated guidelines range of 46 to 57 months' imprisonment.

190829pourghannadP        Plea

1    The government will not appeal any sentence within or above the

2    stipulated guidelines range.  This provision is binding, even

3    if the district court uses a different guidelines analysis than

4    that stipulated to in the plea agreement.

5              THE COURT:  Thank you.

6              Mr. Pourghannad, do you understand that one effect of

7    this plea agreement that you've entered into with the

8    government is that you are giving up rights you might otherwise

9    have had to appeal or otherwise challenge any sentence which

10   does not exceed 57 months' imprisonment?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you also understand you are agreeing

13   not to appeal or otherwise challenge any term of supervised

14   release that does not exceed three years and any fine that does

15   not exceed $1 million?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Mr. Neuman, have you reviewed with your

18   client the first full paragraph on page 4 of the agreement,

19   commonly referred to as the *Brady* waiver paragraph?

20             MR. NEUMAN:  Yes, your Honor.

21             THE COURT:  Are you satisfied that Mr. Pourghannad

22   understands the consequences of that particular paragraph?

23             MR. NEUMAN:  I am.

24             THE COURT:  Mr. Pourghannad, do you understand that

25   if you disagree with or are disappointed by Judge Briccetti's

190829pourghannadP         Plea

1    sentencing decision, that will not give you a basis to withdraw

2    your plea of guilty?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you also understand that parole has

5    been abolished, and if you are sentenced to a term of

6    imprisonment, you will not be eligible for early release on

7    parole?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Do you understand you do not have to

10   plead guilty, and you have an absolute right to plead not

11   guilty and to have this case go to trial by judge or by jury?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Do you understand that if you choose to

14   plead not guilty, you are entitled to have a speedy and public

15   trial of your case?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Do you understand that at any such trial,

18   you would be entitled to the presumption of innocence and that

19   the presumption would remain with you until the government

20   proved each and every element of the crime charged beyond a

21   reasonable doubt, to the satisfaction of the judge if it's a

22   judge trial, or to the unanimous satisfaction of the jury if

23   it's a jury trial?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Mr. Pourghannad, at any such trial, you

190829pourghannadP          Plea

1  would have the right, with the assistance of your lawyer, to

2  confront and cross-examine the witnesses against you.  You

3  would have the right to call witnesses to testify on your

4  behalf and to have subpoenas issued to compel witnesses to come

5  and testify.

6          You would also have the right to testify at your

7  trial, but you could not be forced to testify.  And if you

8  decided not to testify, your decision to remain silent could

9  not be held against you in any way.

10          At your trial, you would also have the right I

11  described earlier to the assistance of a lawyer and to have a

12  lawyer appointed to represent you without fee if you could not

13  afford counsel.

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Mr. Pourghannad, do you understand that

16  if you plead guilty to this charge, you will give up your right

17  to a trial, and except for the right to a lawyer, you will also

18  give up all the other rights which I've explained to you here?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Mr. Pourghannad, have you clearly heard

21  and understood everything I've said to you?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you have any questions for me or for

24  Mr. Neuman about anything I've said or anything I've asked you?

25          THE DEFENDANT:  No, your Honor.

190829pourghannadP        Plea

1            THE COURT:  All right, then.  Mr. Pourghannad, you

2   can have a seat for a moment while I address government

3   counsel.

4            Ms. Keenan, can you outline for me the elements of

5   the offense, and then tell me what facts the government would

6   be prepared to prove at trial to establish those elements,

7   please.

8            Go slow because this is an unfamiliar offense.

9            MS. KEENAN:  Before I do, I might have missed it.

10  I'm not sure if the defendant was allocuted that he read and

11  had translated for him the entire indictment.  I know he said

12  he understood and had translated Count One.

13           THE COURT:  Well, that should have been done when he

14  was arraigned on the indictment.  I didn't ask him that

15  question, but I'll ask him now.

16           Mr. Pourghannad, have you and Mr. Neuman received a

17  copy of the indictment that's before the Court and gone over

18  the charges together?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Was that entire indictment read to you?

21           THE DEFENDANT:  Yes, your Honor.

22           MS. KEENAN:  Thank you, your Honor.

23           THE COURT:  All right.  Back to you, Ms. Keenan.

24           MS. KEENAN:  This crime has two elements:  First,

25  that the defendant, and at least one other person, entered an

190829pourghannadP        Plea

1    unlawful agreement to violate the International Emergency

2    Economic Powers Act; and second, that the defendant

3    intentionally and knowingly joined the conspiracy.

4            The International Emergency Economic Powers Act,

5    which is the object of the conspiracy, has four elements:

6    First, that the defendant exported, attempted to export, or

7    caused the export of items from the United States; second, that

8    the items the defendant exported, attempted to export, or

9    caused to be exported were controlled for export and required

10   an export license for the destination country; third, that the

11   defendant failed to obtain a license or other authorization

12   from the Department of Commerce prior to exporting the items;

13   and fourth, that the defendant did so knowingly and willfully.

14           The government would also have to prove by a

15   preponderance of the evidence that venue in the Southern

16   District of New York is proper.

17           At trial, the government would prove beyond a

18   reasonable doubt that during the period charged in the

19   indictment, the defendant participated in a conspiracy to cause

20   the export of carbon fiber from the United States to Iran.

21           The government's evidence would include, among other

22   things, hundreds of recorded telephone calls, e-mails and chats

23   in which the defendant and two co-conspirators brokered the

24   purchase of carbon fiber from the United States supplier and

25   arranged for the surreptitious export of that carbon fiber to

190829pourghannadP        Plea

1    third countries, with plans to transship it to Iran.

2            The government's evidence would also include

3    consensually-monitored communications, including discussions

4    between the defendant and a cooperating witness, regarding,

5    among other things, the fact that an export license is required

6    to ship carbon fiber to Iran from the United States; the fact

7    that the export of carbon fiber to Iran violates United States

8    sanctions; and the need to take steps to disguise the contents

9    of the carbon fiber shipments in order to evade United States

10   export controls.

11           The government's evidence would also include Commerce

12   Department records showing that the carbon fiber the defendant

13   sought to export was controlled for export and required an

14   export license to send to Iran.

15           The government's evidence as to venue would include,

16   among other things, consensually-monitored communications

17   demonstrating that the defendant purchased carbon fiber from a

18   supplier in Orange County, New York, and agreed for carbon

19   fiber to be exported from Manhattan for ultimate delivery to

20   Iran.

21           THE COURT:  Thank you.

22           Mr. Pourghannad, did you hear what the assistant U.S.

23   attorney just said?

24           THE DEFENDANT:  Yes, I did hear.

25           THE COURT:  At this time, how do you wish to plead to

190829pourghannadP        Plea

1   Count One of the indictment charging you with conspiracy to

2   violate the International Emergency Economic Powers Act?

3           THE DEFENDANT:  Between the year -- your Honor, from

4   the year 2009 --

5           MR. NEUMAN:  Excuse me.  I'm just going to interrupt

6   for a second.

7           THE COURT:  Sure.

8           MR. NEUMAN:  I think my client is assuming he needs

9   to --

10          THE COURT:  He will allocute, but first, I need to

11   know if he's pleading guilty.

12          MR. NEUMAN:  And I'll just add, you'll make a fuller

13   statement in a moment.  The judge is just asking now whether

14   the plea will be guilty or not guilty.  That's all he's asking

15   you right now.

16          THE DEFENDANT:  Yes, I'm guilty.

17          THE COURT:  Has anyone threatened you or coerced you

18   or pressured you improperly in order to get you to plead guilty

19   to this charge?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Has anyone made any promises to you,

22   other than what is set forth in the written plea agreement, in

23   order to persuade you to plead guilty?

24          THE DEFENDANT:  No, your Honor.

25          THE COURT:  Has anyone made any specific promise to

190829pourghannadP          Plea

1    you about what the sentence of the Court will be?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  All right, then.  Now, Mr. Pourghannad,

4    please tell me in your own words what you did to make you

5    guilty of this offense.

6              MR. NEUMAN:  I'm going to ask my client to read

7    slowly.

8              THE DEFENDANT:  I agreed with others, your Honor,

9    between the years 2008 and 2013 to violate the International

10   Economic Emergency [sic] Act of the United States.  I tried to

11   help others to export carbon fiber from the United States to

12   Iran.  I wrote the contract and e-mailed it to the supplier,

13   and also, after that, subsequently I sent the bank guarantee as

14   a surety for the contract.

15             When I did these acts, I did not have the license to

16   export carbon fiber from the United States to Iran.  And at

17   that time, I knew that this act is illegal in the United

18   States.

19             THE COURT:  All right.  Mr. Pourghannad, did you

20   complete --

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  All right.  Let me follow up with a

23   couple of questions.  First of all, you appeared to read that

24   from a piece of paper.

25             Is everything you just told me true?

SABRINA A. D'EMIDIO - OFFICIAL COURT REPORTER
(914)390-4053

190829pourghannadP        Plea

1              THE DEFENDANT:  Yes, your Honor.  Completely.

2              THE COURT:  At the time that you engaged in this

3    conduct, did you understand that the material you were

4    ordering, the carbon fiber, was controlled by United States'

5    export regulations and required an export license?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  And you knew that you did not have such a

8    license; is that correct?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  And therefore, you knew that the

11   exportation of this material from the United States, and

12   importation into Iran, was in violation of United States law?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  And is it correct that the supplier that

15   you were dealing with is located in Orange County, New York?

16             THE DEFENDANT:  I didn't know about his location.

17             THE COURT:  Mr. Neuman, can we have a concession on

18   that?

19             MR. NEUMAN:  Yes.  We waive the venue.

20             THE COURT:  All right.

21             Just to dot the "i," Mr. Pourghannad, did you know

22   that the material was to be shipped from New York City?

23             If you don't know, tell me you don't know.

24             THE DEFENDANT:  No, no.  I did not know.

25             THE COURT:  All right.  Did you commit these acts

190829pourghannadP        Plea

1   knowingly and willfully?

2           THE DEFENDANT:  If I am permitted to say just one

3   word, your Honor, and then the answers to these questions will

4   be clear:  Everything I did, I did from Iran.  I was in Iran at

5   the time.  I did nothing --

6           THE COURT:  You were physically present in Iran?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Okay.  I understand.

9           THE DEFENDANT:  And I knew that exporting this

10  material from the United States to Iran is illegal; and

11  because, in Iran, this material was needed, and under the

12  Iranian law, this was not illegal, I did it.

13          THE COURT:  You're telling me it was not illegal

14  under Iranian law?

15          THE DEFENDANT:  Yes, that's correct.

16          THE COURT:  But you understood that it was in

17  violation of United States law; is that correct?

18          THE DEFENDANT:  Yes, your Honor.

19          MR. NEUMAN:  Your Honor, may I have just a moment

20  with my client.

21          THE COURT:  Sure.

22          (Defense counsel confers with defendant)

23          MR. NEUMAN:  Thank you, your Honor.

24          THE COURT:  Mr. Pourghannad, I ask you again:  Did

25  you commit these acts knowingly and willfully?

190829pourghannadP        Plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  And I think you just told me that you

3    knew it was against United States law to do what you were

4    doing?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Is there anything else which either

7    counsel believes the Court needs to elicit from Mr. Pourghannad

8    before making the recommendation contemplated by Rule 11?

9              Ms. Keenan.

10             MS. KEENAN:  No, your Honor.

11             THE COURT:  Mr. Neuman.

12             MR. NEUMAN:  No, your Honor.

13             MS. KEENAN:  Your Honor, may I just make a proffer

14   for the record as to venue, that there is a recorded phone call

15   in which the defendant participated stating that the carbon

16   fiber would be shipped from a Manhattan port.

17             THE COURT:  You can make that proffer.  I think the

18   allocution is adequate as to venue.

19             MS. KEENAN:  Okay.

20             THE COURT:  Mr. Neuman, do you know of any reason why

21   the Court should not recommend acceptance of your client's plea

22   of guilty?

23             MR. NEUMAN:  No, your Honor.

24             THE COURT:  Ms. Keenan, do you know of any reason why

25   I shouldn't recommend acceptance of this plea?

190829pourghannadP        Plea

1            MS. KEENAN:  No, your Honor.

2            THE COURT:  Mr. Pourghannad, in light of everything

3    that's been said here today, is it still your wish to plead

4    guilty to Count One of this indictment?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  All right.  Upon this allocution, I find

7    that Behzad Pourghannad is fully competent and capable of

8    entering an informed plea.  The plea is knowing and voluntary

9    and is supported by an independent factual basis for each and

10   every element of the crime charged.

11           Accordingly, I respectfully report and recommend to

12   Judge Briccetti that this plea be accepted and that

13   Mr. Pourghannad be adjudged guilty of the offense charged in

14   Count One of the felony indictment.

15           I direct the probation department to conduct a

16   presentence investigation.

17           Mr. Pourghannad, this is important.  Arrangements

18   will be made for you to be interviewed by a probation officer.

19   I'm sure Mr. Neuman will assist you in preparing for that

20   interview.  And you are entitled to have your attorney present

21   during the interview, if you wish.

22           You must be fully honest and truthful during that

23   interview because if Judge Briccetti learns that you have

24   provided false, incomplete or misleading information, that

25   could be held against you at the time of sentencing.

190829pourghannadP          Plea

1              Do you understand?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Ms. Keenan, the case summary should go to

4    probation within 14 days.

5              Mr. Neuman, you should contact probation and make

6    your client available for interview during that same interval.

7              I direct the reporter to provide a transcript of

8    these proceedings within 30 days setting forth my report and

9    recommendation to Judge Briccetti.  That transcript should come

10   to me for review.

11             Ms. Keenan, this defendant is under an order of

12   detention?

13             MS. KEENAN:  He is detained on consent, your Honor.

14             THE COURT:  All right.  That will continue.

15             We'll adjourn for sentencing.

16             Mr. Cangelosi, do we have a date and time?

17             THE DEPUTY CLERK:  December 13th, 2019, at 9:30 a.m.

18             THE COURT:  Counsel should contact Judge Briccetti's

19   chambers as that date approaches to confirm the date and time

20   of sentencing.

21             Yes, Mr. Neuman.

22             MR. NEUMAN:  Judge, I just want to put on the record

23   that I will be making a request to Judge Briccetti for an

24   expedited sentencing, to change the date.  That's not for your

25   consideration.  I'm just mentioning it on the record.

SABRINA A. D'EMIDIO – OFFICIAL COURT REPORTER
(914)390-4053

190829pourghannadP        Plea

1          THE COURT:  You should make that application to
2    Judge Briccetti.
3          Ms. Keenan, anything else from the government?
4          MS. KEENAN:  No, your Honor.
5          THE COURT:  Mr. Neuman, anything else from you?
6          MR. NEUMAN:  No, your Honor.
7          THE COURT:  Very well.  Then the defendant is
8    remanded.  We'll stand in recess.
9          Good luck to you, Mr. Pourghannad.
10          THE DEPUTY CLERK:  All rise.  Court is in recess.
11          THE DEFENDANT:  Thank you, your Honor.
12               -  -  -
13    Certified to be a true and correct
14    transcript of the stenographic record
15    to the best of my ability.
16    _____
     U.S. District Court
17    Official Court Reporter
18
19
20
21
22
23
24
25

                SABRINA A. D'EMIDIO - OFFICIAL COURT REPORTER
                              (914)390-4053